IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

UNITED STATES OF AMERICA

VERSUS                              CRIMINAL ACTION NO. 2:04cr29DCBJMR

JOHN KEVIN SMITH

**ORDER**

This matter comes before the Court on defendant John Kevin Smith's Motion for Early Termination of Probation **[docket entry no. 96]**.  Having reviewed the Motion, Response, applicable law, and being otherwise fully advised as to the premises, the Court finds as follows:

On September 22, 2005, having accepted John Kevin Smith's plea of guilty to a misdemeanor civil rights violation under 18 U.S.C. § 242, the Court sentenced Smith to one year of house arrest and three years of reporting probation.  The Court also revoked Smith's right to possess a firearm; however, at the sentencing hearing, the Court granted Smith leave to apply for termination of the prohibition against firearm possession, provided that said motion be filed after serving one full year of probation.  In a motion dated October 18, 2006, Smith requested that the Court terminate his probation, or in the alternative, modify the probation and make it non-reporting.  In addition, Smith asks that the Court reinstate his right to possess a firearm so that he may take his son hunting.

(M. Early Termination, 1.)  Smith's motion is opposed by the government, which objects to any modification of the Court's sentence.  (Opp. M. Terminate Early, 2.)

The Court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if [the Court] is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."  18 U.S.C. § 3585(e)(1). The following factors guide the Court in its determination: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant," (2) "the need for the sentence imposed to afford adequate deterrence to criminal conduct," (3) "the need for the sentence imposed to protect the public from further crimes of the defendant," (4) "the need for the sentence imposed to provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner," (5) the sentence range established for the offense committed, and (6) the need to avoid sentencing disparities among defendants with similar criminal records. 18 U.S.C. § 3553.

In light of the foregoing factors, the Court is not satisfied that the interest of justice would be benefitted by either the early termination or modification of the defendant's probation.  In regard to Smith's request that he be relieved of the Court-ordered

proscription against firearm possession, the Court finds that the firearm prohibition should be terminated.  The facts leading to the defendant's misdemeanor conviction in this case occurred while Smith was a Mississippi Highway Patrolman.  Specifically, Smith was convicted of using excessive force when he arrested a seventeen-year old driver.  Although Smith had his service sidearm with him at the time of the arrest, he did not use it against the victim.  Moreover, the defendant has never been convicted of a firearm offense.  Accordingly,

IT IS HEREBY ORDERED that the defendant's Motion for Early Termination of Probation [**docket entry no. 96**] is **DENIED IN-PART** and **GRANTED IN-PART.**  The defendant's Motion is denied insofar as it contains a request for the modification or revocation of his reporting probation.  The defendant's Motion is granted to the extent that it seeks a termination of the Court-ordered prohibition against firearm possession.

SO ORDERED, this the  16th  day of November, 2006.


                                        s/ David Bramlette
                                    UNITED STATES DISTRICT JUDGE